**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY DARNELL SECESSIONS, | ) | CASE NO.  5:13-cv-195 |
| | ) | |
| Petitioner, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| WARDEN, LEBANON | ) | |
| CORRECTIONAL INSTITUTION, | ) | **REPORT AND RECOMMENDATION** |
| | ) | (Doc. No. 10) |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Before the court is the petition of Timothy Darnell Secessions, ("Petitioner") for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is in the custody of the

Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence

in the case of *State of Ohio v. Secessions*, Case No. 2010-04-1055 (Summit County

Dec. 13, 2010).  (Doc. No. 10-1 at Ex. 4.)  The State moves to dismiss the petition

without prejudice on the basis that Petitioner has failed to exhaust his claim in state

court.  (Doc. No. 10.)  For the reasons set forth below, the State's motion should be

GRANTED, and Petitioner's § 2254 petition should be DISMISSED without prejudice to

refiling.

**I. Relevant State Procedural History**

This case arises out of Petitioner's December 2010 conviction for robbery.

During trial, the prosecutor elicited testimony from the victim, Smith-Cage, that the

brother of Petitioner's co-defendant had attempted to bribe Smith-Cage not to testify:

Smith-Cage testified that after Secessions and [Petitioner's

co-defendant] Smith were indicted, Smith's brother came to
her workplace "to offer me money not to come to court." The
defendants objected, the trial court granted their motion to
strike, and the court instructed the jury to "disregard" and
"ignore" Smith-Cage's answer.

*State v. Secessions*, 965 N.E.2d 359, 361, 196 Ohio App.3d 741, 743 (Ohio App. Ct.
2011).  In December 2010, the state trial court sentenced Petitioner to an 8-year term of
imprisonment.  (Doc. No. 10-1 at Ex. 4.)  Petitioner, through counsel, filed a timely
notice of appeal and, in his appellate brief, raised one argument that is relevant to the
§ 2254 petition:

> The State's willful failure to disclose evidence required by
> Ohio Rule of Criminal Procedure 16 substantially prejudiced
> Appellant's defense, warranting reversal of his conviction.

(Doc. No. 10-1 at Exs. 5-10.)  On November 23, 2011, the state appellate court affirmed
Petitioner's conviction and sentence.  *Secessions*, 965 N.E.2d at 368, 196 Ohio App.3d
at 752.  Petitioner did not file a timely notice of appeal to the Ohio Supreme Court.  On
April 13, 2012, Petitioner, *pro se*, filed a motion for leave to file a delayed appeal in the
Ohio Supreme Court, which the Ohio Supreme Court denied on June 6, 2012.  (Doc.
No. 10-1 at Exs. 12-14.)

On December 14, 2012, Petitioner, *pro se*, filed an application to reopen his
direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B), in which he argued
that he had received ineffective assistance of appellate counsel when his appellate
counsel failed to raise a claim of prosecutorial misconduct on direct appeal.  (Doc. No.
10-1 at Ex. 15.)  In December 2012, the state appellate court granted Petitioner's Rule
26(B) Application (doc. no. 10-1 at ex. 16.), and, in his re-opened appeal, Petitioner,
through counsel, asserted that his appellate counsel was ineffective in failing to argue

prosecutorial misconduct on direct appeal.  (Doc. No. 10-1 at Ex. 17.)

On October 16, 2013, the state appellate court issued an order confirming its

prior judgment in the case, and concluding that Petitioner had not received ineffective

assistance of appellate counsel.  (Doc. No. 10-1 at Ex. 19.)  On October 25, 2013,

Petitioner, through counsel, filed in the state appellate court an application for rehearing

*en banc*.  (Doc. No. 10-1 at Ex. 20.)  On April 25, 2014, the appellate court issued an

order denying Petitioner's *en banc* application.  (*See* Case No. 25754, Ohio Court of

Appeals for the Ninth District, Entry at 04/25/2014.)  To date, Petitioner has not filed a

notice of appeal to the Ohio Supreme Court.

## II. Proceedings in this Court

On January 23, 2013 – while his re-opened appeal was pending in state court –

Petitioner, *pro se*, filed in this Court his §2254 petition, in which he asserts a single

ground for relief:

> I.      My due process rights under the Fifth Amendment of
> the U.S. Constitution were violated by the
> prosecutor's misconduct.
>
> Supporting Facts: The State's willful failure to disclose
> evidence required by Ohio Rule of Criminal
> Procedure 16. The prosecutors questioned witness
> about hearsay knowing that she did not provide this
> evidence in the discovery.

(Doc. No 1 at 5 (grammar and punctuation as in original).)  The State moves to dismiss

the petition without prejudice because Petitioner has not exhausted this ground for relief

in state court.  (Doc. No. 10.)

3

**III. Law and Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.  *See* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted his state remedies, and a federal court must dismiss his petition.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Here, to the extent that Petitioner's ground for relief argues that the prosecutor's violation of Ohio Criminal Rule 16 prejudiced his defense – which Petitioner argued in his original direct appeal –  that ground is not exhausted because he failed to present the issue in the context of a federal constitutional violation.  Fair presentment of a claim in a federal constitutional context requires a petitioner to apprise the state courts that his claim is a federal claim, rather than "merely . . . an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  In this case, Petitioner's state court appellate brief limited its discussion of this issue to whether the prosecutor's conduct violated the state criminal rule, without placing that violation in the context of a federal claim.  In the brief, Petitioner's counsel cited only to Ohio cases, none of which

4

discuss the issue in the context of federal constitutional rights.[1]

To the extent that Petitioner's ground for relief asserts a prosecutorial misconduct claim under the Fifth Amendment to the United States Constitution, that ground is unexhausted because Petitioner did not raise any such issue in state court.  The record reflects that Petitioner did not raise this as an independent ground for relief in state court, but, rather, only as a basis for asserting that he received ineffective assistance of appellate counsel.  It is well established that presenting claims in the context of ineffective assistance of counsel is not sufficient to "fairly present" them as independent claims to state courts.  *See, e.g., Wagner v. Smith*, 581 F.3d 410, 417-18 (6th Cir. 2009) (finding that the petitioner failed to exhaust a prosecutorial misconduct claim where he presented it to the state courts in the context of ineffective assistance of counsel, noting that doing so "did not present the *prosecutorial misconduct* claim to the state court in the same legal and factual terms as Petitioner did before this Court") (emphasis in original). Accordingly, to the extent that Petitioner's § 2254 ground for relief asserts that the

---

[1]  Petitioner contends that he presented this claim in the federal constitutional context because the assignment of error in his state appellate brief asserted a violation of a state rule that "affect[s]" his "federal due process rights at jury trial."  Petitioner cites to no case law or other legal authority holding that the purpose of Ohio Criminal Rule 16 is to protect a defendant's federal constitutional rights.  Nor does he identify any legal authority holding that, even if Rule 16 is intended to protect federal constitutional rights, a petitioner's assertion of a claim based on the violation of that rule is, alone, sufficient to fairly apprise a state court that the claim is a federal claim.  Accordingly, to the extent Petitioner's first ground for relief asserts a claim based on the prosecutor's violation of Ohio Criminal Rule 16, Petitioner failed to fairly apprise the state courts of the federal constitutional element of the claim, and the ground for relief is not exhausted.  Further, to the extent Petitioner intends to assert a claim based only on Ohio Criminal Rule 16, the claim would not be cognizable on habeas, as it is well established that federal habeas relief is not available for errors of state law.  *See Estelle v. McGuire*, 502 U.s. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

prosecutor's misconduct violated his federal constitutional rights, that claim is not exhausted.

These claims are also procedurally defaulted, as there are no further remedies by which he could assert this claim as an independent basis for relief in state court.  *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Each of these claims arises out of the record of proceedings in the trial court, and, thus, Petitioner could have raised it on direct appeal.  He failed to do so and, under Ohio law, *res judicata* now prohibits him from raising the issue in any post-conviction proceeding.  *See State v. Cole*, 443 N.E.2d 169, 171, 2 Ohio St.3d 112, 113 (Ohio 1982); *State v. Perry*, 226 N.E.2d 104, 10 Ohio St.2d 175 (Ohio 1967) (holding that *res judicata* bars a criminal defendant from raising in post-conviction proceedings those claims that could have been raised on direct appeal).  However, the failure of Petitioner's appellate counsel to raise a prosecutorial misconduct claim on direct appeal could constitute sufficient cause to excuse the procedural default with respect to that claim.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The State argues that, because the petition contains only a single unexhausted ground for relief, the appropriate remedy is dismissal.  Petitioner contends that, rather than dismiss his petition, this Court should adopt the stay-and-abeyance procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005), while he exhausts his state court remedies.  In *Rhines,* the Supreme Court addressed the issue in the context of a mixed habeas petition – one containing both unexhausted and exhausted claims.  The State correctly notes that there is some disagreement amongst the federal courts regarding

whether the stay-and-abeyance procedure is appropriately applied to petitions containing only unexhausted claims.  *Compare Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We decline to extend [the stay-and-abeyance] procedure to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included."), *with Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009) (concluding that the district court had erred in deciding that *Rhines* confined the availability of the stay-and-abeyance procedure to mixed petitions).  Because *Rhines* applies only to mixed petitions, and this is not a mixed petition, the stay-and-abeyance procedure outlined in *Rhines* is not applicable to this case.

*Rhines* does not require this Court to grant him a stay-and-abeyance in this case.[2]  Accordingly, the State's motion to dismiss the petition should be granted, and the petition should be dismissed without prejudice to refiling.

---

[2]Further, Petitioner is not likely at risk of running afoul of AEDPA's one-year statute of limitations.  *See* 28 U.S.C. 2244(d)(1).  Given that the statute of limitations was tolled during the pendency of Petitioner's motion for delayed appeal and Rule 26(B) Application – which remains pending – it appears that only 285 days of his period of limitations have elapsed.

### IV. Conclusion.

For the reasons given above, the State's motion to dismiss the petition should be GRANTED, and the petition should be DISMISSED without prejudice to refiling.


Date: May 2, 2014                                    /s/ *Nancy A. Vecchiarelli*
                                                      United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985)*, reh'g denied,* 474 U.S. 1111.**